UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROBERTO BAUTISTA RIVAS,
*Defendant-Appellant.*

No. 02-4868

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-173)

Submitted: April 16, 2003

Decided: May 2, 2003

Before GREGORY and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Roberto Bautista Rivas appeals from his convictions and 68-month sentence, pursuant to a written plea agreement, for possession with intent to distribute amphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2000); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2000). Rivas was also sentenced to 60 months, to be served consecutively, for carrying or using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2000).

Rivas' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises the issue of whether the district court correctly applied the Sentencing Guidelines. Rivas stipulated at his plea hearing and in his plea agreement to a quantity of 441.2 grams of a detectable amount of amphetamine. Converting 441.2 grams of amphetamine and 10.4 grams of methamphetamine to 109.84 kilograms of marijuana, the Presentence Report (PSR) properly finds Rivas' base offense level was twenty-six. USSG § 2D1.1 (2000).

Two points were added for obstruction based on Rivas' reckless attempt to flee police. USSG § 3C1.2. During the chase, Rivas went through an intersection and drove over a lawn to escape. His sentence was also adjusted downward for acceptance of responsibility. USSG § 3E1.1(a), (b). His total criminal history points established a criminal history category of I, yielding a guidelines range of 57 to 71 months.

The statutory maximum is twenty years for count one. 21 U.S.C. § 841(b)(1)(C). For count three, the maximum is ten years. 18 U.S.C. § 924(a)(2). For count five, the minimum is five years and shall not run concurrently with another count. 19 U.S.C. § 924(c)(1)(A)(i). Therefore, Rivas was properly sentenced within the statutory range.

Furthermore, a defendant may not challenge on appeal the district court's discretionary decision to impose a sentence at a particular point within a properly calculated guidelines range. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994); *United States v. Porter*, 909 F.2d 789, 794-95 (4th Cir. 1990).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rivas' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*